[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Ellen Bannon, and the defendant intermarried at West Haven, Connecticut on June 26, CT Page 518 1971. They have resided continuously in this state since the date of their marriage. There are no minor children issue of the marriage.
The parties are before the court upon the complaint of the plaintiff and the counterclaim of the defendant. Both parties have alleged that the marriage has broken down irretrievably and this court so finds. The evidence presented at trial clearly establishes the irretrievable breakdown of the marriage relationship. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-66a and 46b-81 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 25 years. It is the first marriage for both parties. Stress in the marriage developed early on because of the defendant husband's spotty work record and alcohol abuse. The plaintiff wife was employed throughout the marriage as a kindergarten teacher in the employ of the West Haven board of education. Income disparity resulted in the plaintiff making the major expenditures for the down payment on two homes purchased during the marriage as well as on mortgages, furnishings and motor vehicles.
The court believes that the husband's work record, alcohol excesses, and a propensity toward fabrication, which he acknowledged as having been a problem in the marital relationship, are the principal causes of the marital breakdown. In addition, however, it was apparent to the court that the plaintiff did much to diminish what self respect the husband might of had. The husband's poignant and repeated commentary, with respect to his contribution to the marriage and his support of the marital home, tells the story: "I mowed the grass and shoveled the snow."
I. ALIMONY
Although the affidavits of the parties reveal a significant wage discrepancy in favor of the plaintiff wife, the court finds that the defendant s present net income of $381.30 per week is sufficient for his support. Therefore, neither party is awarded alimony from the other. CT Page 519
II. REAL ESTATE
 A. The marital residence, currently in the name of the plaintiff wife alone, located at and known as 15 Bridle Path Lane, West Haven, Connecticut, shall be and remain the property of the wife and husband shall have no right, title or interest in and to said property.
B. The wife shall be solely responsible for any mortgage, taxes, maintenance and insurance payments and/or charges from the date of this decision, and shall indemnify and hold the husband harmless therefrom.
III. PERSONAL PROPERTY
 A. The furniture and furnishings within the marital home shall be and remain the property of the wife. The husband shall have the right to remove his clothing and other personal effects including his collection of "western" videotapes; a painting entitled "Father Joe" commissioned by his uncle Rev. Reynolds; and a set of pewter cups and a tray given to him by said uncle.
The husband is entitled, also, to his personal tools, if any which he may remove.
B. The wife shall pay to the husband the sum of $3,000, said payment representing the defendant's interest in the furniture and furnishings in the marital home
IV OTHER PROPERTY
 A. The plaintiff wife shall have sole ownership, title and use of the 1990 Oldsmobile Regency.
The defendant husband shall have sole ownership, title and use of the 1993 Chevrolet C-10 pick-up truck.
Each party shall execute and deliver any and all documents required by the state so as to enable the registration of said vehicles to the party as above, thereby making said party the record owner of said vehicle.
B. Each party shall retain their pension or retirement accounts with his or her present or past employer and waive any right, title and/or interest each has or may have in the future CT Page 520 in the pension and/or retirement account of the other. The financial affidavits of the parties disclose that the present value of the wife s retirement accounts is $116,466.22 and the husband's value is $114,000.
V INSURANCE
 A. Each party shall be responsible for obtaining and financing their own medical and hospital coverage.
B. Each party shall retain as his or her respective estate, free from any claim or demand of the other, any life insurance policy or policies on their respective lives including the right to designate as beneficiary, any individual or institution as in his or her sole discretion he or she may select.
VI DEBTS
The wife shall be responsible for all debts if any presently contracted by her and shall relieve the husband of any and all liability with respect thereto.
The husband shall be responsible for all debts, if any, presently contracted for by him and shall relieve the wife of any and all liability with respect thereto.
VII BANK ACCOUNTS
Each party may retain the bank accounts, if any, presently in their name. A party shall have no claim to any money on deposit in the name of the other.
VIII COUNSEL FEES
Each party shall be responsible for their respective counsel fees.
David W. Skolnick, Judge CT Page 521